IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES YOUNGBEAR,<br><br>Defendant. | Case No. CR11-0151<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 21st day of October, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 18, 2011, Defendant James Youngbear was charged by Indictment (docket number 2) with being a felon in possession of ammunition. At the arraignment on October 19, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 19, 2011.

At the hearing, Ronald Pexa, an investigator with the Meskwaki Nation Police Department, testified regarding the circumstances underlying the instant charge. On April 29, 2011, law enforcement investigated a domestic abuse incident on the Meskwaki settlement involving Defendant. Victims of the incident reported that Defendant said he was going to get his gun and "take care" of them. On May 1, 2011, law enforcement executed a search warrant on Defendant's residence. Four rounds of .22 caliber ammunition and one 20 gauge shotgun shell were found in a box in Defendant's room.

1

Defendant's wallet and letters received by Defendant were also found in the box containing the ammunition.

According to the pretrial services report, Defendant is 45 years old. He was born and raised in central Iowa. He is lifelong resident of Tama, Iowa. Defendant is currently married, but he and his wife are separated and involved in divorce proceedings. He has no children from this marriage, but has three children, ages 13 to 18, from prior relationships. The two youngest children reside with Defendant.

At the time of his arrest, Defendant was employed by TPI Composites in Newton, Iowa. He was employed by TPI for the past four months. Prior to working for TPI, he was employed by Hay Construction in Marshalltown, Iowa, from 2007 to January 2011, and Maytag in Newton, from 2002 to 2007.

Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant told the pretrial services officer that he "used to have a problem with alcohol." According to Defendant, he consumed alcohol heavily between the ages of 18 and 26, but since age 26, he has only consumed alcohol one to two times per month.[1] In 1997, Defendant participated in alcohol abuse treatment at the Meskwaki Alcohol and Drug Abuse Center.

Defendant has an extensive criminal history, dating back to 1984. Between 1984 and 2011, Defendant was convicted of public intoxication or consumption/intoxication approximately fifteen times. From 1984 to 2003, Defendant was convicted of OWI ten times. Between 1987 and 2009, Defendant was convicted of driving with a suspended license or driving while barred ten times.[2] From 1990 to 2010, Defendant was convicted

---

[1] Defendant has been convicted of operating a vehicle while intoxicated 10 times. Interestingly, seven of those convictions occurred after Defendant turned 26 years old.

[2] On October 1, 2011, Defendant was charged with driving while barred for the eleventh time. Arraignment is scheduled on that charge for November 3, 2011.

2

of interference with official acts eight times.[3] From 1990 to 2010, Defendant was convicted of theft in the third, fourth, or fifth degree thirteen times.[4]

Also in 1987, Defendant was convicted of resisting arrest. In 1989, 1990, and 1995, Defendant was convicted of trespass. In 1991, Defendant was convicted of consumption of alcohol on a public highway. From 1991 to 2007, Defendant was convicted of assault or domestic abuse assault three times. Between 1991 and 2010, Defendant was convicted of disorderly conduct four times. On April 25, 1994, Defendant was charged with intent to cause pain or injury.[5] In 1996 and 2005, Defendant was convicted of receiving, transporting, or possessing a firearm as a felon.

On September 7, 2002, Defendant was convicted of operating a motor vehicle without the owner's consent. On February 6, 2008, Defendant was convicted of tampering with a witness or juror. On January 16, 2010, Defendant was convicted of simulated intoxication. Additionally, in 1996 and 2000, Defendant was convicted of voluntary absence or escape from the Larry Nelson Center and Marshalltown Residential Center, respectively.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

---

[3] On October 1, 2011, he was charged with interference with official acts for the ninth time. This matter remains pending in state court.

[4] On March 8, 2011, Defendant was charged with third degree theft. This matter remains pending in state court. On August 27, 2011, Defendant was charged with fifth degree theft. Trial has been scheduled for December 2011 in state court.

[5] The disposition of that case is unknown.

3

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court

must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of ammunition. Defendant has at least three prior convictions for a violent

5

offense. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(D).

Regarding the second step, the weight of the evidence against Defendant is fairly strong. It is undisputed that Defendant is a convicted felon. On May 1, 2011, law enforcement executed a search warrant on Defendant's residence, and found 4 rounds of .22 caliber ammunition and one 20 gauge shotgun shell in a box in Defendant's bedroom. The box containing the ammunition also contained Defendant's wallet and several letters addressed to Defendant.

Defendant has an extensive history of committing offenses while on pretrial release, probation, and parole. In fact, it appears that Defendant has no concern for following the terms of release because the vast majority of his criminal convictions stem from incidents while he was on release. Defendant also has a history of failing to appear for court proceedings. Furthermore, Defendant has been convicted of voluntary absence or escape from residential facilities on two separate occasions.

Defendant has been convicted of violent crimes on multiple occasions, and has twice been convicted of being a felon in possession of a firearm. The ammunition found in Defendant's bedroom was discovered shortly after Defendant allegedly made violent threats to other individuals. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 19, 2011) to the filing of this Ruling (October 21, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 21st day of October, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA